# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLIFTON VERETTO,

    Plaintiff,

vs.                                            Civil No. 99-0121 WWD/LCS

WILLIAMS FIELD SERVICE ROCKY
MOUNTAIN REGION COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion in Limine to Preclude Rick Flippen from Testifying, filed April 21, 2000 **[docket # 58]**. Plaintiff is suing Defendant ("Williams") for personal injuries resulting from Plaintiff's exposure to a chemical at Williams Field Services Milagro Plant. Rick Flippen is a former Williams employee listed as a Plaintiff's witness in the pretrial order who will give "testimony concerning the safety programs, OSHA compliance, and standards of care applicable to [Williams]. . . ."

Defendant expects Mr. Flippen to testify that Williams compromised worker safety for profitability and requests that the Court preclude Plaintiff from calling him as a witness on the basis that Williams has been unable to reach Flippen for an interview or subpoena him for a deposition. I have reviewed the briefs and exhibits which track the chronology of events surrounding Defendant's efforts to depose Mr. Flippen. Defendant's inability to connect with Mr. Flippen clearly is not from lack of diligence, but rather from Mr. Flippen's obvious and purposeful evasion of any type of involvement in this case, at least for Defendant's purposes. He was aided by his wife and to some

degree from Plaintiff's counsel's rather phlegmatic response to Defendant's requests for cooperation in making Mr. Flippen available.

Defendant's efforts to depose Mr. Flippen spanned five months following Plaintiff's first identification of Flippen as a witness. Three depositions were set up and later canceled each time efforts to locate him failed (November 24 1999, February 16, 2000 and April 11, 2000.) See Deft's Exs. A, D, K. Defendant's attempts to subpoena Mr. Flippen also proved fruitless. His wife was eventually served twice with a subpoena for her husband, but each time she called to notify defense counsel that her husband was working out of state, and that she did not know when he would return. See Deft's Exs. G, H, K.

Defense counsel states that he left messages for Mr. Flippen at a Wyoming phone number which were never answered and was finally told in March by an individual who answered at that number that Mr. Flippen had returned to New Mexico. When counsel then called the Flippens' Farmington number, the individual who answered stated that Mr. Flippen was not at home and that he would take a message. Several days later, defense counsel was able to contact Mr. Flippen's wife who told defense counsel that her husband was working out of state in a different place, but refused to give him his new telephone number.[1] The wife's statements about her husband's unwillingness to get involved in this case accompanied remarks about the insufficiency of the witness fee delivered with the subpoena in order to persuade Mr. Flippen to testify. Deft's Ex. M.

While Mr. Flippen was successfully maintaining a low profile, Plaintiff's counsel responded to defense counsel's numerous requests for help in getting Mr. Flippen to a deposition either by not responding, see Ex. J, or by responding that Mr. Flippen was not under Plaintiff's counsel's control and

---

[1] Counsel refers to the individuals who answered the phone at both the Wyoming phone number and at the Farmington residence as a "he." See Deft. Ex. A (Croasdell Aff.)

that they also had not been able to locate him.  Ex. C.  Shortly before the date of the April deposition, Plaintiff's counsel told defense counsel that they were considering striking Mr. Flippen as a witness because of the difficulty they were having finding him.  Ex. O.  A few days later, however, counsel backtracked on the notion, saying in a letter to Defendant's counsel that they still intended to attempt to serve Mr. Flippen with a subpoena "to force him to testify at trial."  Ex. Q.

Under the circumstances described above, a response by the Plaintiff is gratuitous, since this motion should never have found its way to Court.  Plaintiff's counsel should have stopped at the point they were ready to concede striking Mr. Flippen from the witness list.  Under Federal Rule of Evidence 403, the Court may exclude any evidence that is unfairly prejudicial.  I agree with Defendant that allowing Mr. Flippen to testify for Plaintiff's case would unduly prejudice the defense, even as a rebuttal witness.  On the other hand, I do not find any prejudice to Plaintiff's case by excluding Mr. Flippen as a witness -- defense counsel repeatedly advised Plaintiff's counsel that if Mr. Flippen could not be found to subpoena, or if he refused to sit for a deposition, Defendant would move the Court to prohibit his testimony.  See Exs. F, J, L, M.

**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion in Limine to Preclude Rick Flippen from Testifying **[docket # 58]** is hereby GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE